UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

vs.                                                   Case Nos.:   1:20cr31/AW/MAL
                                                                   1:22cv60/AW/MAL

WILLIE MURPHY JR,
    Defendant.

## **REPORT AND RECOMMENDATION**

This matter is before the court upon Defendant Willie Murphy Jr.'s "Motion to Vacate, Correct or Set Aside Pursuant to Title 28 U.S.C. § 2255." ECF No. 62. The case was referred to me for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

After careful consideration of the motion, the record, the relevant law, the Government's response, and Murphy's reply, I recommend the § 2255 motion be denied without an evidentiary hearing. Murphy cannot show counsel was constitutionally ineffective for failing to raise the meritless arguments presented in his motion.

I.  **BACKGROUND**

On October 21, 2020, a federal grand jury charged Murphy with knowingly possessing with intent to distribute a controlled substance, to wit 28 grams or more of a mixture and substance containing cocaine base, commonly known as crack cocaine, and a quantity of Eutylone Hydrochloride, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii) and 841(b)(1)(C). ECF No. 8. The indictment listed 3 prior felonies. On January 22, 2021, the Government filed a notice of its intent to seek enhanced penalties in this case due to Murphy's prior convictions, one of which was a crime of violence and two of which were drug offenses. ECF No. 27. Murphy pled guilty on March 1, 2021, pursuant to a written plea agreement and statement of facts. ECF Nos. 35-37.

According to the Presentence Investigation Report (PSR), Murphy's adjusted offense level would have been 24 but for the application of the Chapter Four Career Offender Enhancement. ECF No. 41, PSR ¶¶ 27, 28. After a three-level acceptance of responsibility adjustment his total offense level was 34. PSR ¶ 31. Murphy's criminal history category, which would have been V, became VI due to his career offender status. PSR ¶¶ 65, 66. The applicable advisory guidelines range was 262 to 327 months' imprisonment, well over the enhanced statutory minimum term of ten

years imprisonment.[1] PSR ¶¶ 126, 127. The district court varied downward from this range and imposed a sentence of 240 months, over the Government's objection. *See* ECF No. 55.

Murphy appealed, claiming the district court plainly erred by sentencing him as a career offender. ECF No. 60. The Eleventh Circuit Court of Appeals rejected his argument that the plain language of U.S.S.G. § 4B1.2(b) requires that an offense include a mens rea element concerning knowledge of the illicit nature of the controlled substance for that offense to be counted as a controlled substance. *Id.* at 4. Finding no error in the application of the career offender designation, the Eleventh Circuit affirmed on February 2, 2022. Murphy timely filed the instant § 2255 motion soon thereafter.

## II.  DISCUSSION

Murphy raises a single ground for relief in his motion. He claims counsel was ineffective for failing to object to his designation as a career offender, because he served less than twelve months of imprisonment on one of the two prior drug convictions used to support the enhanced sentence. Murphy references the

---

[1] This range was also well under what would have been the statutory penalty range of five to forty years absent the enhancement. 21 U.S.C. § 841(b)(1)(B).

Government's Information and Notice of Prior Conviction, which identifies the conviction at issue, his November 29, 2010, conviction for sale of cannabis within 1000 feet of a school. The notice reflects Murphy was released from prison on or about November 22, 2011, seven days shy of a year from his conviction. ECF No. 27 at 1-2. Murphy claims this conviction should not qualify as a predicate offense for purposes of the career offender enhancement and concludes that absent consideration of this conviction, the enhancement would not have applied. Counsel's failure to object resulted in the imposition of a longer sentence.

Murphy's argument confuses the prerequisites for career offender designation under the Sentencing Guidelines and for an enhancement under § 851. As will be discussed herein, because he qualifies for both, he cannot show counsel was constitutionally ineffective or that he is entitled to relief.

To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) his attorney's representation fell below "an objective standard of reasonableness," and (2) a reasonable probability exists that, but for counsel's unprofessional conduct, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A defendant "bears the burden of proof on the 'performance' prong as well as the 'prejudice' prong of a *Strickland*

claim, and both prongs must be proved to prevail." *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001). Counsel is not constitutionally ineffective for failing to raise a meritless claim because declining to raise such a claim cannot be deemed "deficient" and certainly no prejudice can result. *See, e.g., Hollis v. United States,* 958 F.3d 1120, 1124 (11th Cir. 2020) (counsel not constitutionally ineffective for failing to raise meritless objection to use of prior drug convictions as predicate offenses under ACCA).

Murphy's complaint in this case is counsel should have objected to his designation as a career offender. Section 4B1.1(a) of the Sentencing Guidelines provides a defendant is a career offender if:

(1) The defendant was at least 18 years old at the time of the instant offense of conviction;
(2) The instant offense of conviction is a felony that is either a "crime of violence" or a "controlled substance offense"; and
(3) The defendant has at least two prior convictions of either a "crime of violence" or "controlled substance offense."

U.S.S.G. § 4B1.1(a). Relevant to this case, a "controlled substance offense" is an offense under federal or state law, *punishable* by more than one year of imprisonment "that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance…or the possession of a controlled substance…with intent to manufacture, import, export, distribute, or dispense."

U.S.S.G. § 4B1.2(b) (emphasis added). Thus, a defendant does not actually have to be imprisoned for more than 12 months on a prior conviction for it to qualify as a predicate offense for career offender status. *See* U.S.S.G. § 4B1.2, comment. (n.1) (noting a prior felony conviction is an offense punishable for a term exceeding one year "regardless of the actual sentence imposed.") Murphy's conviction for sale of cannabis within 1000 feet of a school is a second-degree felony punishable by up to 15 years' imprisonment. *See* §§ 893.13, 893.03(2)(c)7; and 775.082(3)(d) Florida Statutes. Therefore, this conviction was properly considered a predicate offense for the career offender designation.

The § 851 statutory enhancement subjected Murphy to a minimum penalty of not less than ten years' imprisonment because of his prior conviction for a serious drug felony.[2] 21 U.S.C. § 841(b)(1)(B). This enhancement is separate and apart from the guidelines' career offender enhancement. Title 21 U.S.C. § 802(57) defines a "serious drug felony" in relevant part as an offense for which the offender served a term of imprisonment of more than twelve months, and his release from imprisonment was within fifteen years of the instant offense. Murphy focuses in his

---

[2] Without this enhancement Murphy would have faced a sentence of no less than 5 years or more than 40 years. 21 U.S.C. § 841(b)(1)(B).

§ 2255 motion on the Government's Notice which appears to reflect he did not serve twelve months or more for his conviction of sale of cannabis within 1000 feet of a school.

The Government concedes the time from Murphy's conviction and sentencing on this charge (November 29, 2010) until his release from prison (November 22, 2011) was less than 12 months. However, it notes Murphy was given credit for 29 days he had already served in custody, and as such he was incarcerated for over 12 months on the charge. ECF No. 64-1 at 6. Thus, the statutory enhancement was properly applied. In any event, even if the enhanced minimum had not applied, Murphy's sentence was within the statutorily proscribed range of 5 to 40 years. 21 U.S.C. § 841(b)(1)(B).

### III. CONCLUSION

An evidentiary hearing is not necessary to resolve Murphy's claim because "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015). Both the career offender designation and the statutory § 851 enhancement were properly applied. Therefore, Murphy cannot show counsel was constitutionally

ineffective for choosing not to challenge them and his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be denied.

## IV. *United States v. Jackson*

In October of 2022, Murphy filed a supplemental response to his reply based on the Eleventh Circuit's opinion in *United States v. Jackson,* 36 F. 4th 1294 (11th Cir. 2022). ECF No. 67. *Jackson* held that prior Florida convictions for sale of cocaine and possession with intent to sell cocaine were not predicate "serious drug offenses" under the Armed Career Criminal Act. *See* 18 U.S.C. § 924(e)(2)(A) (ACCA definition of "serious drug offense"). The court construed Murphy's supplemental response as a motion to amend and denied the motion without prejudice, noting the *Jackson* decision had been vacated. ECF No. 68. The order stated although the Eleventh Circuit would at some point enter another decision in *Jackson*, the opinion upon which Murphy relied had no precedential value. *Id.* at 2. The court further indicated it would reserve ruling until at least 60 days after the Eleventh Circuit issued its ruling in *Jackson* to allow Murphy the opportunity to renew his motion to amend, if appropriate, warning him that it was incumbent upon him to timely file any appropriate motion. *Id.* On December 13, 2022, the Eleventh Circuit entered its second opinion in *Jackson,* reaching the opposite conclusion. It

held prior Florida convictions for sale of cocaine and possession with intent to sell cocaine qualified as predicate "serious drug offenses" under the ACCA. *United States v. Jackson*, 55 F. 4th 846 (11th Cir. 2022). The Supreme Court granted certiorari on May 15, 2023. *Jackson v. United States*, 143 S. Ct. 2457, Case 22-6640 (2023). Murphy has filed nothing further, and therefore no issue based on *Jackson* is properly before the Court.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (ECF No. 62) be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Gainesville Florida on September 11, 2023.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.